**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Virginia Ruiz, Akmir Gray, and Shanice Edwards, *individually and on behalf of a class of similarly situated individuals*<br><br>Plaintiffs,<br><br>v.<br><br>Mt. Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., Mount Sinai Hospital, St. Lukes-Roosevelt Hospital Center, and Beth Israel Medical Center<br><br>Defendants. | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. ________ |

Plaintiffs Virginia Ruiz, Akmir Gray, and Shanice Edwards, on behalf of themselves and all others similarly situated, by and through counsel, against Defendants Mt. Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., Mount Sinai Hospital, St. Lukes-Roosevelt Hospital Center, and Beth Israel Medical Center (hereinafter also collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked

in excess of forty (40) hours each workweek. 29 U.S.C. § 207. In addition, the New York labor laws (hereinafter "NYLL"), require, *inter alia*, payment of all wages due to non-exempt employees in a timely manner without unauthorized deductions. Plaintiffs bring this case on their own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendants' violations of these laws, as is more fully set forth herein.

2. This action seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs; declaratory and injunctive relief, and any other appropriate relief, under the FLSA on behalf of Plaintiff and similarly situated current and former employees employed by Defendants and who elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "FLSA Collective," as hereinafter more fully defined).

3. This action also seeks to recover unpaid compensation and overtime compensation, as well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs, and any other appropriate relief, under various provisions of New York labor laws (hereinafter "NYLL"), including New York's Wage Theft Prevention Act, New York Labor Law §§ 160, 191, 193, and 198, as well as the implementing regulations thereunder as set forth hereinafter, on behalf of Plaintiffs and similarly situated current and former employees employed by Defendants in New York (the "State Law Class," as hereinafter more fully defined).

4. Plaintiffs, on their own behalf and on behalf of the FLSA Collective and the State Law Class, seek compensatory, statutory, exemplary, and punitive damages, declarative and injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

**<u>JURISDICTION AND VENUE</u>**

5. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiffs' claims under New York state law because the claims brought by Plaintiffs, with respect to the claims they seek to assert based on their state of employment, are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants have their principal places of business and reside in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Virginia Ruiz is an individual and a resident of the State of New York. Plaintiff Ruiz has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

10. Plaintiff Akmir Gray is an individual and a resident of the State of New York. Plaintiff Gray has completed an "Opt-In Consent Form" which is filed as Exhibit B to this Complaint and is incorporated by reference herein.

11. Plaintiff Shanice Edwards is an individual and a resident of the State of New York. Plaintiff Edwards has completed an "Opt-In Consent Form" which is filed as Exhibit C to this Complaint and is incorporated by reference herein.

12. Defendant Mt. Sinai Health System, Inc., is a New York not-for-profit corporation with its administrative headquarters located at 150 East 42nd Street, New York, NY

10017, and its largest hospital campus – The Mount Sinai Hospital – is located at 1 Gustave L. Levy Place (1468 Madison Avenue), New York, NY 10029.

13. Defendant Mount Sinai Hospitals Group, Inc., is a New York non-for-profit corporation and is the direct subsidiary of the Defendant Mount Sinai Health System, Inc. Defendant Mount Sinai Hospital Group, Inc. is the direct operator of the hospitals within the Mount Sinai system. It is located at 1 Gustave L. Levy Place (1468 Madison Avenue), New York, NY 10029.

14. Defendant Mount Sinai Hospital is a New York not-for-profit corporation with its headquarters located at located at 1 Gustave L. Levy Place (1468 Madison Avenue), New York, NY 10029. Mount Sinai Hospital is the principal entity that runs, *inter alia*, the main Mount Sinai Hospital campus on the Upper East Side of Manhattan and acts as payor for the employees of that Hospital, as well as acting as payor for employees of that hospital and Mount Sinai Queens and Mount Sinai Brooklyn campuses.

15. St. Lukes-Roosevelt Hospital Center is a New York not-for-profit corporation with its headquarters located at 1111 Amsterdam Avenue, New York, NY, 10025 and a subsidiary of Defendant Mount Sinai Hospitals Group, Inc. St. Luke's Roosevelt Hospital Center runs the hospitals now known as Mount Sinai West and Mount Sinai Morningside and acts as the payor for the employees of those hospitals.

16. Beth Israel Medical Center is a New York not-for-profit corporation that ran the hospital known as Mount Sinai Beth Isreal and acted as the payor on paychecks for employees of that hospital. The Beth Israel Medical Center closed in April 2025 and was located at 16 East 16th Street, New York, NY 10003. Beth Israel Medical Center is a subsidiary of Defendant Mount Sinai Hospital Group, Inc.

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Status as Employers

17. Defendant Mt. Sinai Health System Inc. d/b/a Mt. Sinai or Mt. Sinai Health System holds itself out as a "leading employer in NYC" who provides "exceptional care across a wide spectrum, from primary to quaternary services, with a culture of innovation and equity." It publicly asserts that is has over 48,000 employees, and holds the system out as one of the largest academic medical systems in the New York metropolitan area, with eight hospital campuses and over 400 outpatient practices.[1] Defendants Mount Sinai Hospital, St. Lukes-Roosevelt Hospital Center, and Beth Israel Medical Center are all substantial and integral constituent parts of the Mount Sinai Health System, running the hospital facilities identified in paragraphs 13-15, above, as well as other related facilities.

18. Each of these Defendants, whether together in concert or through separate employment systems whose differences are not material for the purposes of the claims herein, constitutes an "employer" of Plaintiffs and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and New York Law.

19. Each of these Defendants, utilizes non-exempt employees, including Plaintiffs and other members of the FLSA Collective and State Law Class, in furtherance of their individual or joint business purposes within the Mount Sinai Health System.

20. At all times relevant, each Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

21. At all times relevant, each Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

---

[1] *See, e.g.*, https://careers.mountsinai.org/home (last visited June 24, 2026).

22. Each Defendant, during times relevant herein, operated and controlled an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

23. Defendants were the employers of Plaintiff and other members of the FLSA Collective and State Law Class as they exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

**Plaintiffs', the FLSA Collective Members' and State Law Class Members' Non-Exempt Employment Status with Defendants**

24. Plaintiff Ruiz is employed by Defendant St. Lukes-Roosevelt Hospital Center as a paramedic (MSPH, EMT-P) in New York, New York at the Mount Sinai Morningside facility. She has held that title since November 2023. Prior to work as a paramedic, Ms. Ruiz worked as an Emergency Medical Technician for Defendant, starting in 2013. Both roles are non-exempt, hourly-paid positions. Both roles are full-time positions. In both positions, Plaintiff Ruiz would clock-in and clock-out on a daily basis and as a result of Defendant St. Lukes-Roosevelt Hospital Centers, and consistent with the same policies of the other Defendants as further set forth herein, Ms. Ruiz routinely clocks in up to 7 minutes prior to the start of her scheduled shift.

25. Plaintiff Gray worked at the Mount Sinai Main Campus in Waste Management Environmental Services from approximately August 2019 through May 2026. Mr. Gray was a full-time employee who routinely worked from 3 p.m. to 11 p.m., 5 days a week. He frequently worked more than 40 hours a week. Throughout his tenure as a full-time employee, Mr. Gray routinely clocked-in at least five minutes prior to the scheduled start of his shift and would immediately begin performing the principal duties of his job.

26. Plaintiff Edwards worked as a Registered Nurse for Mt. Sinai at its Beth Israel location in Union Square from December 2022 through July 2024. She worked full-time from 9 a.m. to 5 p.m., and routinely clocked in at around 8:53 a.m. After clocking in Ms. Edwards would immediately begin performing the principle duties of her job.

27. All Defendants classified and paid Plaintiffs, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

28. At all times relevant, Plaintiffs and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and New York Law of Defendants.

29. At all times relevant, Plaintiffs and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Failure to Pay Wages as a Result of Defendants' Rounding Policy**

30. Although Defendants suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work non-overtime hours, and overtime hours over forty (40) hours per workweek, at the various Mt. Sinai facilities at which they worked, Defendants failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek, as well as non-overtime wages for all non-overtime hours worked, because of a set of time editing and/or rounding practices and policies that were, as herein are relevant, the same across all of the Defendants and their facilities, as set forth in paragraphs 13-15, above. As a result, Plaintiffs and the members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the

FLSA, 29 U.S.C. § 207, and overtime and non-overtime hours promptly as required by the NYLL.

31. Specifically, Defendants all have had and exercised a time rounding policy in which employee work time tracked in Defendants' timekeeping system is automatically "rounded" to the nearest quarter of an hour and to the employee's detriment – *i.e.*, at the beginning of a shift, if an employee punches in and starts working between 8:53 a.m. and 8:59 a.m., the time worked is rounded to 9:00 a.m. Likewise, at the end of a shift, time punches up to seven minutes after shift end are rounded back down to the nearest quarter of an hour and to the employee's detriment – *i.e.*, if an employee scheduled to end at 3:00 then punches out between 3:01 p.m. and 3:07 p.m., the employee's time worked is rounded down to 3:00 p.m. This is all despite Defendants' timekeeping and payroll system's intrinsic and actual ability to pay all time worked as explicitly tracked in Defendants' system. Ultimately, Defendants' time rounding policy operates to unlawfully deprive each of their thousands of employees of up to 14 minutes of on-the-clock work potentially deducts up to 14 minutes of paid time per shift.

32. With this rounding policy in place, Defendants also instruct employees not to clock in more than seven (7) minutes early, because, if the employee did so, that time would then be rounded in the employee's favor, triggering additional straight time or overtime wages (which Defendants would label as unauthorized overtime or a variety of wage theft). Similarly, employees are instructed not to clock out more than seven (7) minutes after their shift has ended, as this would also cause the time to be rounded in the employee's favor, triggering additional straight time or overtime wages.

33. And finally, Defendants have a strict lateness and/or tardiness policy, and hourly employees are told that they will be penalized if they arrive to their work stations after their shift starting times, with accumulated lateness leading to various disciplinary and monetary penalties.

34. As a consequence of Defendants' time-rounding policies and tardiness/lateness policies, prior to the scheduled starts of their shifts, Plaintiff and the members of the FLSA Collective and the State Law Class routinely clock in and begin performing the principal activities of their jobs, but Defendants generally do not pay them for all of their time worked. Likewise, Plaintiffs each and the members of the FLSA Collective and the State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendants generally did not pay them for all of their time worked. Instead, Defendants paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all the compensable work required by, performed for, and to the benefit of Defendants. Defendants willfully and intentionally manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendants submitted these employees' records to payroll, resulting in less time paid than time worked.

35. The manner in which Defendants set up this time-keeping policy and practice was done and continues to be done in a such way as to inherently penalize employees. As a result of the time rounding, Defendants generally only pay workers from the scheduled start of their shift until the scheduled end time of their shifts, regardless of the fact that workers have been clocking in and working for many minutes prior to, and after, those technical shift start and end times.

36. Defendants' rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be

rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

37. Defendants' policies transforms its rounding system into one that is substantially rigged in their favor. As a result, Plaintiffs and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendants' rounding; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiffs and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and the provisions of New York law cited herein.

38. With regard to Plaintiff Ruiz, Defendants policies, including specifically those of St. Lukes-Roosevelt Hospital Center, as described above have had exactly their intended impact: in order to avoid any potential lateness penalties, Plaintiff Ruiz routinely arrives to work and clocks in up to seven minutes earlier than the scheduled start of her shifts. And significantly, once clocked in, Plaintiff Ruiz begins working. The demanding, chaotic, and fast-paced nature of hospital work dictates that employees must begin performing their duties immediately upon clocking in. For example, in her roles as both a Paramedic and an Emergency Medical Technician, once Plaintiff Ruiz is clocked in, she is instantly engaged with the critical responsibilities of her work on behalf of Defendant. She makes calls to log in vehicle numbers, shield numbers and radio numbers. She restocks equipment. She is immediately engaged with the performance of her duties.

39. So too with respect to Plaintiff Gray. In order to avoid lateness penalties, he routinely arrived early and clocked-in early (usually at or around 2:55 p.m.), and began performing his job duties. Mr. Gray did not require supervision or instruction upon arrival at work – he knew his routine, and began working as soon as he arrived.

40. Likewise, Plaintiff Edwards routinely clocked in at or around 8:53 a.m. and would immediately begin performing her job duties. Ms. Edwards did not require instruction or supervision – once she was in her station, she would immediately begin performing the duties required of her in what was a fast-paced and demanding work environment. Ms. Edwards' early arrival and performance of unpaid labor, as with her peers and co-plaintiffs, was entirely the result of Mt. Sinai's punitive and non-neutral time-rounding policies.

41. In sum, these rounding policies and practices and how they inured to Defendants' benefit further were the result of Defendants intentionally, knowingly, and willfully deducting time worked to reduce labor costs notwithstanding how Defendants' editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). The result of the rounding system is that Defendants' failure to pay Plaintiffs and the members of the FLSA Collective and the State Law Class for all hours worked, is in violation of the FLSA, 29 C.F.R. § 785.48(b), and the timely payment requirements of New York Law.

42. Defendants' time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise.

43. Defendants' pay practices were and are the result of systematic and company-wide policies originating at their corporate levels. Defendants' policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendants "cannot sit back and accept the benefits [of additional work completed by Plaintiffs and other members of the FLSA Collective and the State Law

Class] without compensating for them. … Management has the power to ….[and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id.*

44. Defendants, through their supervisors and managers, knew that Plaintiffs, and the members of the FLSA Collective and the State Law Class, were working the time for which they were not paid, as a result of Defendants' time-keeping, time recordation, and subsequent time rounding and editing, and thus Defendants' actions were deliberate and willful within the meaning of the FLSA, and Defendants lacked a good faith basis for its actions. Defendants knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendants' obligations under the FLSA.

45. Moreover, Defendant knew or had reason to know that Plaintiff and other members of the FLSA Collective and the State Law Class routinely performed work upon clocking in and prior to clocking out, but nevertheless failed to pay for this time worked at the time of payment. Because Defendant failed to actively enforce any prohibition against work during these rounded periods, it is liable for compensating Plaintiff and other members of the FLSA Collective and the State Law Class for this time.

46. The deducted time worked was compensable as overtime or straight time hours worked as the work was required by Defendants; the work was performed for Defendants' benefit and constituted part of employees' principal activities; and the work was a necessary, integral, and indispensable part of their principal activities. However, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiffs, and the members of the

FLSA Collective and the State Law Class, performed their actual, principal job duties when they clock in at the beginning of the workday, and until they clock out at the end of the workday, Defendants did not pay this time worked, which was required to be paid as hours worked under the FLSA and the NYLL as Defendants manipulated their time to their benefit. Had Defendants implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiffs, and the members of the FLSA Collective and the State Law Class, would have been compensated for additional overtime and non-overtime hours for which they were not paid.

**Defendants' Record Keeping Violations**

47. The FLSA and New York law required Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; NYLL § 195 (4).

48. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

49. New York law also provides that every employer shall "establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records showing for each week worked the hours worked; the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; amount of sick leave provided to each

employee… prevailing wage supplements, if any, claimed as part of any prevailing wage or similar requirement pursuant to article eight of this chapter; and net wages for each employee... For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the payroll records shall include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the payroll records shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate." NYLL § 195 (4).

50. Defendants kept records of hours worked by Plaintiffs and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendants each willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendants which had the direct effect of reducing Defendants' labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendants willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and New York law record keeping requirements.

**<u>The Willfulness of Defendants' Violations</u>**

51. By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants each, and together, possessed ample access to the regulations

and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime compensation requirements of federal and state law or acted in reckless disregard as to Defendants' obligations under these laws.

52. Accordingly, Defendants' actions were deliberate and willful, meaning reckless, within the meaning of the FLSA, and Defendants lacked a good faith basis for their actions within the meaning of New York Labor Law.

53. Defendants' failure to compensate Plaintiffs and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2, as well as New York Labor Law § 193 prohibiting improper deductions, and leading to violations of New York Labor Law § 191, requiring prompt payment of wages earned. Plaintiffs and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and NYLL § 198, as well as all other statutory and other damages obtainable under the FLSA and New York Law.

## FLSA COLLECTIVE OVERTIME ALLEGATIONS (As to COUNT ONE)

54. Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 52, as if fully rewritten herein.

55. Plaintiffs brings this case on behalf of a group of employees of Defendants (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants Mt. Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., Mount Sinai Hospital, St. Lukes-Roosevelt Hospital Center, and Beth Israel Medical Center, all part of the Mount Sinai Hospital System, during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.**[2]

56. Such persons are "similarly situated" with respect to Defendants' FLSA violations, in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendants' unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

57. Plaintiffs and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed a substantial number of overtime hours of working for Defendants and for Defendants' benefit for which they were not paid overtime compensation as a result of Defendants' time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiffs each will prosecute this action vigorously on their behalf.

[2] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members, or, if applicable, to subclass the definition, depending on defendant(s) she seeks to have the Court serve notice based upon further investigation and discovery.

58. Plaintiffs and other members of the FLSA Collective have been damaged by Defendants' willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendants' willful FLSA violations, Plaintiffs and other members of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

59. Plaintiffs are entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that Defendants were required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one hundred or more persons.

## NEW YORK CLASS ACTION ALLEGATIONS
## (As to COUNTS TWO through FIVE)

60. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 52, as if fully rewritten herein.

61. Plaintiffs also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and a group of employees of Defendants who assert claims under New York Labor Law (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants Mt. Sinai Health System, Inc., Mount Sinai Hospitals Group, Inc., Mount Sinai Hospital, St. Lukes-Roosevelt Hospital Center, and Beth Israel Medical Center, all part of the Mount Sinai Hospital System, in New York during the period of six years preceding the commencement of this action to the present who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.**

62. There are questions of law or fact common to the State Law Class, including but not limited to:

(a) Whether Defendants denied Plaintiffs and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid, in violation of New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 and/or constituted improper wage deductions in violation of New York Labor Law § 193.

(b) Whether Defendants' failure to pay proper overtime wages violated the pay provisions of New York Labor Law § 191;

(c) Whether Defendants' denial of Plaintiffs' and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law and/or whether Defendants had a good faith basis to believe it was in compliance with NYLL, entitling Plaintiffs and other members of the State Law Class to other damages pursuant to NYLL § 198;

(d) What amount of monetary relief will compensate Plaintiffs and other members of the State Law Class for Defendants' failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

(e) Whether Plaintiffs and other members of the State Law Class are entitled to declaratory and/or injunctive relief in order to rectify, both for the past and on a going forward basis, Defendants' violation of the provisions of New York's labor laws, as set forth above.

63. Plaintiffs' claims are typical of the claims of other members of the State Law Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other State Law Class members.

64. The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately one hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and was required to maintain, pursuant to the FLSA and New York law, as set forth above.

65. Plaintiffs will fairly and adequately protect the interests of the State Law Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

66. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

67. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**
***On Behalf of Plaintiffs and the FLSA Collective***

68. Plaintiffs incorporate by reference the foregoing allegations of paragraphs 1 through 59 as if fully rewritten herein.

69. At all relevant times, Defendants each have been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

70. Defendants have engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

71. Plaintiffs have consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

72. The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendants.

73. At all relevant times and continuing to the present, Defendants have had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiffs and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

74. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and, continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the FLSA Collective members, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

76. As a result of Defendants' policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed its employees, Defendants knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

77. As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves, and the FLSA Collective members, are entitled to (a) recover from Defendants unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

78. Defendants' violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Overtime - New York Labor Law Violations)**
***On Behalf of Plaintiff and the State Law Class***

79. Plaintiffs incorporates by reference the foregoing allegations of paragraphs 1 through 52 and 60 through 67, as if fully rewritten herein.

80. Plaintiffs bring this claim for violation of New York law, NYLL § 160 and 12 NYCRR § 142-2.2, on behalf of themselves and the members of the State Law Class, as previously defined.

81. At all relevant times, Plaintiffs and State Law Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

82. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

83. Defendants suffered and permitted Plaintiffs and members of the State Law Class to perform work on its behalf which regularly totaled more than forty (40) hours per week.

84. Defendants failed to pay Plaintiffs and members of the State Law Class overtime pay for the hours that they worked over forty (40) per week.

85. As a result of Defendants' violation of New York Labor Law, Plaintiffs and the members of the State Law Class are entitled to recover from Defendants their overtime pay for all hours worked in excess of forty per week at one and one-half times their regular rate. Plaintiffs and members of the State Law Class are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the New York Labor Law.

## COUNT THREE
**(Wage Deductions - New York Labor Law Violations)**
***On Behalf of Plaintiffs and the State Law Class***

86. Plaintiffs incorporate by reference the foregoing allegations of paragraphs 1 through 52 and 60 through 67, as if fully rewritten herein.

87. Plaintiffs bring this claim for violation of New York law, NYLL § 193(1), on behalf of themselves and the members of the State Law Class, as previously defined.

88. At all relevant times, Plaintiffs and State Law Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

89. NYLL § 193(1)(a) and (b) provide that "No employer shall make any deduction from the wages of an employee, except deductions which… are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency including regulations promulgated under paragraph c and paragraph d of this subdivision; or are expressly authorized in writing by the employee and are for the benefit of the employee, provided that such authorization is voluntary and only given following receipt by the employee of written notice of all terms and conditions of the payment and/or its benefits and the details of the manner in which deductions will be made."

90. Defendants willfully violated NYLL § 193(1) by failing to pay Plaintiffs for all overtime and non-overtime hours worked due to Defendants' implementation of time rounding/editing policies and/or practices, and/or other time manipulation procedures in conformity with these policies/practices.

91. As a result of Defendants' violation of New York Labor Law, Plaintiffs and the members of the State Law Class are entitled to recover from Defendants unpaid wages due to rounding; unpaid overtime premiums for hours worked over forty (40), including when Defendants paid overtime on a straight-time basis; liquidated damages; statutory penalties, damages for unreasonably delayed payments; reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL.

**COUNT FOUR**
**(Failure to Pay Wages In a Timely Manner – New York Labor Law)**
***On Behalf of Plaintiffs and the State Law Class***

92. Plaintiffs incorporates by reference the foregoing allegations of paragraphs 1 through 52 and 60 through 67, as if fully rewritten herein.

93. At all relevant times, Plaintiffs and State Law Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

94. Pursuant to the New York Labor Law, each employer shall pay all nonexempt employees for all hours worked, and one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

95. Plaintiffs and the State Law Class are non-exempt employees entitled to pay for all hours worked and overtime compensation for all hours worked in excess of forty (40) per workweek.

96. NYLL § 191 provides that manual workers employed by a nonprofit-making organization and clerical workers shall be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.

97. Plaintiffs and the State Law Class did not receive accurate or timely hourly compensation and overtime compensation from Defendants that reflected the actual hours they worked in each pay period, in violation of NYLL § 191.

98. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the State Law Class have suffered a loss of income and other damages.

99. As a result of Defendants' violation of New York Labor Law, Plaintiffs and the members of the State Law Class are entitled to recover from Defendants the wages or expenses that were not paid, liquidated damages equal to the full amount of wages owed, pre-judgment interest at the annual rate of nine percent (9%), court costs, and attorneys' fees incurred in recovering the unpaid wages.

**COUNT FIVE**
**(Failure to Provide Proper Wage Statements – New York Labor Law)**
***On Behalf of Plaintiffs and the State Law Class***

100. Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 52 and 60 through 67, as if fully rewritten herein.

101. NYLL § 195(3) provides that an employer shall "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage …For all employees who are not exempt from overtime compensation as established in the

commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

102. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by NYLL § 195(3). Defendants failed to provide wage statements with the correct payment as required by NYLL § 195(3).

103. As a result of Defendants' violation of New York Labor Law, Plaintiffs were compelled to spend time and expense, and Plaintiffs and the members of the State Law Class are entitled to recover from Defendants damages of two hundred fifty dollars for each workday that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees pursuant to NYLL § 198 (1-d).

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A. Promptly order Defendants to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B. Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C. Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly-situated persons informing them of this action and their ability to opt-in and become part of FLSA Collective and enabling them to opt in;

D. Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the State Law Class;

F. Enter judgment against Defendants, and in favor of Plaintiffs, the FSLA Collective, and the members of the State Law Class, declaring that Defendants' activities, as alleged herein, violate the FLSA and New York law and enjoining Defendants from continuing to violate the FLSA and New York law, as well as awarding the relief set forth immediately below;

G. Award compensatory damages to Plaintiffs and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H. Award Plaintiffs and other members of the State Law Class all damages allowed by New York law, including but not limited to NYLL § 198;

I. Designate Plaintiffs as representatives of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

J. Award Plaintiffs, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K. Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Seth R. Lesser*

Seth R. Lesser
Christopher M. Timmel
Sarah Sears*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Joseph F. Scott *
Ryan A. Winters *
Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
Telephone: (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

Michael A. Galpern *
**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS, P.C.**
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
Telephone: (856) 596-4100
mgalpern@lawjw.com

*ATTORNEYS FOR PLAINTIFFS, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

* *PRO HAC VICE* TO BE FILED

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Seth R. Lesser*
Seth R. Lesser